J. BARRIE GRAHAM et al., Respondents-Appellants, *v.* BOARD OF SUPERVISORS OF ERIE COUNTY et al., Appellants-Respondents.

J. BARRIE GRAHAM et al., Appellants, *v.* BOARD OF SUPERVISORS OF ERIE COUNTY et al., Respondents.

Fourth Department, March 31, 1966.

*Norman A. Stiller* for appellants-respondents and respondents.

*Robert B. Fleming* for respondents-appellants and appellants.

*Per Curiam.* This action, commenced on December 28, 1965, sought a judgment declaring, among other things, that the present apportionment of the Erie County Board of Supervisors is unconstitutional. Thereafter, and before any answer was served, plaintiffs moved for relief *pendente lite.*

Special Term by order entered February 9, 1966 directed the board to prepare two plans, both to be completed in sufficient time to permit the court to make them effective as of March 15, 1966. The first plan is described in the order as a " constitutionally valid " one and presumably would be a permanent plan. The second ordered plan would afford interim relief by means of weighted or fractional voting. In addition the order directed the Erie County Board of Elections to take necessary steps for a " special election " of Supervisors at the general election this coming November. Lastly, the order granted defendants five days to answer or move against the complaint, directed a trial and ordered the parties to try the action " immediately upon joinder of issue."

Significantly, however, no specific finding, determination or declaration was made that the present districting of the county was invalid or unconstitutional. The affirmative relief granted was illusory. It simply directed the Board of Supervisors to prepare plans and the Board of Elections to commence proceedings for a special election so that the trial court might take effective action " if it deems such action to be required."

All of this has resulted in unnecessary confusion. Defendants contend that it was the grant of summary judgment before issue joined in the guise of preliminary mandatory action. Plaintiffs cross-appeal and argue that the court failed to meet or pass upon the issue of a valid districting plan but only granted a trial

preference with peripheral warnings to the respective boards to be prepared for the decree following trial.

To a limited extent all appellants are correct. The order was not only improper but, as stated, illusory and ambiguous. It should be reversed.

We discuss further procedural problems. On February 10, 1966 another Special Term Justice made an order extending defendants' time to answer or move in respect to the complaint for 31 days after the making and serving upon defendants of the order of this court in the principal appeal. Plaintiffs appeal therefrom. This order should be reversed as an improvident exercise of discretion. Moreover, such action violated the principle that a Judge of a court should not ordinarily reconsider, disturb or overrule an order in the same action of another court of co-ordinate jurisdiction. (*Collins, Inc.* v. *Olsker-McLain, Ltd.*, 22 A D 2d 485; *Mt. Sinai Hosp.* v. *Davis*, 8 A D 2d 361.) The order to be entered herein will provide that defendants are granted five days from the date thereof to answer.

There is presently pending before Special Term of Supreme Court, Erie County, a motion to dismiss the complaint for failure to join necessary parties (CPLR 3211). We conclude that all necessary parties are before the court and such a motion is without merit. This is a class action. Pursuant to the provisions of CPLR 1005 the court to which this action is hereinafter remanded should give notice forthwith by appropriate order to the respective cities and towns in Erie County of the pendency of the action and of their right to intervene therein. (Cf. *Dayton Development Fort Hamilton Corp.* v. *City of New York*, 13 A D 2d 910.) Insofar as these municipalities are concerned the applicable rule is that '' where it appears that a particular party, though not before the court in person, is so far represented by others that his interests receive actual and efficient protection, the decree may be held to be binding upon him '' (*New York State Rys.* v. *Security Trust Co.*, 135 Misc. 456, 463, affd. 228 App. Div. 750).

The prime issues presented in this litigation are of vital public interest and concern. They have become enmeshed, however, in a series of motions, cross motions, appeals and cross appeals. We propose to clear away this underbrush and direct prompt determination of the important questions. The action is remanded to the Calendar Part of Erie County Supreme Court for assignment to a Trial-Special Term Part of that court, That court will proceed forthwith to try and decide the issues framed by the pleadings. If it is then found that plaintiffs are

entitled to affirmative relief it will be granted within the frame of the following stated principles.

We conclude that any plan, either interim or permanent, of necessity would have to be the subject of a referendum to the qualified electors of Erie County. Subdivision 4 of section 34 of the Municipal Home Rule Law provides that in a county where a charter has been adopted no "local law, which in its application to such county * . * * changes the voting * * * power of * * * an elective county officer during his term of office * * * or changes the form or composition of the board of supervisors of such county, shall become effective in such county until at least sixty days after its final enactment." There follow in the section alternate provisions for mandatory or permissive referendums.

We construe paragraph (b) of subdivision 4 of this section (34) when read together with section 101 of the County Law to vest in the Board of Supervisors the power to provide for the submission of such a local law to the electors at a special election without affirmative action by petition for a permissive referendum. Moreover, section 207 of the Erie County Charter provides that even where neither permissive nor mandatory referendum is required the board "may nevertheless provide in a local law that a referendum shall be had."

In attempting to formulate a timetable for valid districting of this county, certain facts must be recognized. It appears, according to the allegations of plaintiffs, that the Board of Supervisors established a committee in 1965 to consider redistricting or reapportionment; that public hearings were held, the last of which was on July 6, 1965. This action, however, was not commenced until December 28, 1965 and the order granting affirmative relief was entered on February 9, 1966.

In the area of judicial intervention to compel a valid districting plan, the same rules are applicable as in reapportionment. There it has been said that "reapportionment is primarily a matter for legislative consideration and determination, and that judicial relief becomes appropriate only when a legislature fails to reapportion according to federal constitutional requisites in a timely fashion after having had an adequate opportunity to do so." (*Reynolds* v. *Sims,* 377 U. S. 533, 586.)

True it may be that the Erie County Board of Supervisors has moved with something less than "deliberate speed" but in the light of their present demands plaintiffs have not used due diligence but have slept on their rights. Thus we conclude, as heretofore stated, that the decision implicit in the order of

Special Term directing the board to complete a permanent plan so that the court could make it effective within 36 days from the date of entry of its order is unrealistic and did not afford the board an "adequate opportunity" for "legislative consideration and determination."

If plaintiffs are entitled to immediate relief it should be limited to a plan of weighted or fractional voting. In such event the board should be directed to prepare and submit to the court below on or before April 15, 1966 a plan of weighted or fractional voting to be employed by the members of the present board until December 31, 1967. A referendum to pass on such plan by the qualified voters of the county shall be held not later than June 28, 1966.

We reserve for future consideration the issue as to whether or not any such plan may be made effective by judicial decree if perchance it should be defeated in such referendum. "An individual's constitutionally protected right to cast an equally weighted vote cannot be denied even by a vote of a majority of a State's electorate." (*Lucas* v. *Colorado Gen. Assembly,* 377 U. S. 713, 736.) Otherwise stated, "the inalienable constitutional right of equal protection cannot be made to depend upon the will of the majority." (*Thigpen* v. *Meyers,* 211 F. Supp. 826, 832.)

If the issues are decided in favor of plaintiffs, the board should be further directed to prepare and submit to the court below on or before June 15, 1966 a permanent, constitutionally valid plan of districting. A referendum to pass on such plan by the qualified voters of the county should be had at the general election on November 8, 1966.

Upon adoption of each plan the defendant, Board of Elections, should be directed to take forthwith all necessary steps and all necessary procedures so that (1) the plan for weighted or fractional voting would be submitted not later than June 28, 1966 to the qualified electors of Erie County in the manner provided by law, and (2) the plan for a permanent constitutionally valid plan would be so submitted at the general election on November 8, 1966.

We make no attempt to anticipate and pass upon all procedural problems that may arise or issues that may be presented upon the trial. The court to which the action is remitted must make, however, a determination of the validity and constitutionality of any submitted plan.

The order (NEVINS, J.) entered February 10, 1966 should be reversed, and the motion denied, without costs. The order

(LAWLESS, J.) entered February 9, 1966 should be modified in accordance with this opinion and as modified affirmed, and the action remitted for further proceedings in accordance with this opinion.

WILLIAMS, P. J., BASTOW, GOLDMAN, DEL VECCHIO and MARSH, JJ., concur.

Order [entered February 10, 1966] unanimously reversed, without costs of this appeal to any party and motion denied.

Order [entered February 9, 1966] unanimously modified in accordance with the opinion and as modified affirmed, without costs of these appeals to any party, and action remitted for further proceedings in accordance with the opinion.